**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDWIN JAVIER CRUZ RAMOS,

      Petitioner,

v.

TODD LYONS, in his official capacity as Acting
Director, Immigration and Customs Enforcement,
U.S. Department of Homeland Security; JOEL
GARCIA, in his official capacity as Field Office
Director of the ICE El Paso Field Office of
Enforcement and Removal Operations, U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as
Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, in his official capacity as Acting
Attorney General of the United States; and GEORGE
DEDOS, in his official capacity as Warden of the
Torrance County Detention Facility,

      Respondents.

Case No. 1:26-cv-01385-MIS-JMR

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Edwin Javier Cruz Ramos's Petition for

Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"), ECF No.

1, filed May 3, 2026. Petitioner is a citizen of Honduras who entered the United States on

November 6, 2021, as an unaccompanied minor at the age of sixteen. <u>Id.</u> ¶ 16. On November 18,

2021, he was released from the Office of Refugee Resettlement to his sister. <u>Id.</u> ¶ 1. Since then,

Petitioner has resided with his sister, attended school, graduated from high school, learned English,

and worked consistently in roofing and construction. <u>Id.</u> He also complied with all the

requirements of his release. <u>Id.</u> ¶ 2.

Nevertheless, in March 2026, local police stopped the car in which Petitioner was travelling to work for an alleged broken light.  Id. ¶ 20.  The officer immediately contacted immigration authorities, even though Petitioner had not committed any crime and was not accused of any violation.  Id.  Petitioner was transferred to ICE custody and is currently being detained at the Torrance County Detention Facility in Estancia, New Mexico.  Id. ¶ 21.

On May 3, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody.  Id. at 24.

On May 4, 2026, the Court issued an Order to Show Cause, ECF No. 3, which instructs that Respondents "shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted" within ten business days.  Id. at 2.  The Order reminds Respondents "that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here."  Id. (citations omitted).  As such, the Court ordered that Respondents must "demonstrate that the facts of this case warrant a departure from the Court's prior rulings."  Id. at 3.

On May 14, 2026, the Federal Respondents filed a Response to the Petition.  ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 3-4.  However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 3.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Edwin Javier Cruz Ramos from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain

jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE